# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3912 | DATE | 10/16/2002 |
| CASE TITLE | United States of America ex rel. Jerome Buchanan vs. William E. Boyd | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for Writ of Habeas Corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Jerome Buchanan's petition for a writ of habeas corpus pusuant to 28 U.S.C. § 2254 is DENIED. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 22 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| X | Docketing to mail notices. | | CU | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
JEROME BUCHANAN, )
 )  **DOCKETED**
         Petitioner, )
 ) No. 00 C 3912  **OCT 2 2 2002**
         v. )
 ) HONORABLE DAVID H. COAR
WILLIAM E. BOYD, )
 )
         Respondent. )

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner Jerome Buchanan's ("petitioner" or "Buchanan") petition for habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, this Court denies the petition.

### I. Factual and Procedural History

On the evening of March 25, 1997, Darryl Powell was shot numerous times at close range as he stood in the lobby of a Chicago Housing Authority ("CHA") building. Powell ran from the lobby toward the street, where he was shot several more times. Two CHA Police Officers witnessed the shooting and identified Buchanan as the man who they saw firing a gun at Powell. Immediately after the shooting, as he lay bleeding, Powell named the shooter by his nickname, "Bone-Chillin," (Jerome Buchanan.) At trial, however, Powell told the jury that the shooter was not Jerome Buchanan. Powell was impeached by his prior statements made to CHA Police, a Chicago Detective, an Assistant State's Attorney, and his own sworn testimony before the grand jury, where he did identify Buchanan as the shooter. Following his jury trial in the Circuit Court



of Cook County, petitioner was convicted of aggravated battery with a firearm. Petitioner was sentenced to a term of 30 years' imprisonment.

Petitioner appealed his conviction to the Illinois Appellate Court, First District. In his appellate brief, petitioner raised the following issues:

a.  Petitioner was denied a fair trial by the prosecuting attorney's introduction of highly prejudicial testimony indicating that he was a member of the Notorious Gangster Disciple Street Gang, where no evidence established that the shooting was related to this fact;

b.  Petitioner was denied a fair trial by improper introduction of hearsay testimony regarding the victim's identification made to two prosecutors, neither of whom testified at trial;

c.  Petitioner was denied a fair trial by improper prosecutorial comments not based on the evidence; and

d.  The trial court abused its discretion by sentencing Petitioner to the maximum term of imprisonment, where the jury acquitted him of the serious charges involving an "intent to kill," and where the victim of the shooting testified at trial that Petitioner was not the actual shooter.

The Illinois Appellate Court, First District affirmed petitioner's conviction on December 27, 1999. Petitioner filed a petitioner for leave to appeal to the Illinois Supreme Court. In his petition for leave to appeal, petitioner raised the same issues raised in his appeal. Petitioner's petition for leave to appeal was denied on May 31, 2000. Petitioner did not file a petition for post-conviction relief in the Circuit Court of Cook County.

On June 9, 2000, petitioner filed the instant petition for writ of habeas corpus in this Court. In his petition, petitioner raises the following issues:

a. Petitioner was denied his right to a fair trial by the prosecutor's introduction of prejudicial testimony that petitioner was a gang member;

b. Petitioner was denied his constitutionally guaranteed right to a fair trial by the improper introduction of hearsay testimony regarding the victim's identification of petitioner as the perpetrator;

c. Petitioner was denied his constitutional right to a fair trial by the prosecutor's improper comments to the jury; and

d. The trial court abused its discretion and subjected Petitioner to cruel and unusual punishment by sentencing him to the maximum term of imprisonment where the jury acquitted him of the most serious offense involving "intent to kill."

## II. Habeas Corpus Standard

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default is also a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or

(2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

## III. Discussion

In petitioner's first claim for relief, he argues that he was denied his right to a fair trial by the introduction of evidence which established his gang membership. Petitioner maintains that evidence of his gang membership should not have been admitted because there was no proof that his membership was related to the crime charged. See People v. Miller, 101 Ill.App.3d 1029, 1034-35 (Ill. App. Ct. 1981). Respondent argues, however, that petitioner's gang membership was admitted to show bias or motive. The victim, who was a member of the same gang as the petitioner, changed his identification testimony at trial. Thus, respondent maintains that petitioner's gang membership was introduced as a possible explanation for the victim's changed testimony.

The Illinois Court of Appeals found that the prosecutor referred to petitioner's gang membership sparingly to explain how Powell knew the defendant and to explain why Powell might have changed his testimony. The Court further found that petitioner was not prejudiced by the introduction of the testimony because there was sufficient independent corroborative evidence to show that petitioner was the shooter and that Powell had previously identified him as such.

The Court's finding is not contrary to, nor an unreasonable application of, clearly established federal law. The United States Supreme Court has held that evidence of gang membership is relevant to demonstrate a witness's bias when testifying. United States v. Abel, 469 U.S. 45, 49, 105 S.Ct. 465 (1984). In Abel, the defendant's attorney called a witness to testify that the prosecution's witness told him that he had purposely implicated the defendant falsely. The prosecution's witness testified that the defense witness and the defendant belonged

to the same prison gang. The Court held that the evidence of gang membership was relevant, and thus, admissible. Id. at 51-52. Similarly, in this case, the appellate court found that the evidence of gang membership was admitted to explain why Powell changed his testimony. Thus, petitioner has failed to demonstrate that the appellate court ruling was contrary to clearly established federal law.

In petitioner's second claim for relief, petitioner argues that he was denied his constitutional right to a fair trial by the improper introduction of hearsay testimony by Detective Moser that the victim stated to two prosecutors that petitioner was the one who shot him. Petitioner raised this claim to the Illinois Appellate Court. The Court found that the statements made to the two Assistant State's Attorneys, identifying petitioner as the shooter, were not hearsay because they were admitted as prior inconsistent statements of a witness. The Court specifically found that the victim's statements to the prosecutors qualified under the prior inconsistent statements exception because the victim was available to testify; the victim's trial testimony differed from his earlier statements to police and prosecutors; because while under oath, the victim admitted making the statements; and the victim had firsthand knowledge of the statements.

Petitioner has failed to demonstrate that the Illinois Appellate Court's decision was contrary to or involved an unreasonable application of established federal law. "[T]he admissibility of evidence is generally a matter of state law." Milone v. Camp, 22 F.3d 693, 702 (7th Cir. 1994), cert. denied, 130 L. Ed. 2d 626, 115 S. Ct. 720 (1995). "Absent a showing that the admission of evidence violated a specific constitutional guarantee, a federal court can issue a writ of habeas corpus on the basis of a state court evidentiary ruling only when the ruling violated

the defendant's right to due process...." Id. We therefore issue a writ of habeas corpus only in those cases in which the court's evidentiary ruling can be said to have denied the defendant the right to a fundamentally fair trial. See id.; Dudley v. Duckworth, 854 F.2d 967, 972 (7th Cir. 1988), cert. denied, 490 U.S. 1011, 104 L. Ed. 2d 169, 109 S. Ct. 1655 (1989). In this case, it can not be said that petitioner was denied a fundamentally fair trial. The statements that were admitted were those of the victim and he was cross examined regarding those statements. The victim admitted making the statements. Accordingly, habeas relief is denied on this ground.

In petitioner's third claim for relief, petitioner argues that the prosecutor made improper comments to the jury during closing arguments. Specifically petitioner contends that the prosecutor improperly argued that petitioner committed a senseless act of violence comparable to violence against an elderly person or a child. Petitioner also claims that the prosecutors improperly argued that he fled to Milwaukee to avoid police. Petitioner contends that the prosecution improperly argued that the victim had been threatened by petitioner. Additionally, petitioner claims that the prosecutors improperly stated that the police reports were not evidence. Finally, petitioner contends that the prosecutor suggested that defense counsel attempted to hide evidence.

The Seventh Circuit has employed a two-part test to determine whether the remarks made during closing arguments were improper: (1) the remarks are examined in isolation to determine whether they are improper; and (2) if determined to be improper, the remarks must be examined in light of the entire record to determine if petitioner was denied his right to a fair trial. United States v. Durham, 211 F.3d 437, 440 (7th Cir. 1999). Additionally, the court has found that "so

long as the evidence supports the comments, prosecutors may speak harshly about the actions and conduct of the accused." Id.

The Illinois Appellate Court used the same analysis. First, the court discussed petitioner's claim that the prosecutor unnecessarily inflamed the jury by comparing petitioner's actions to violence against children or the elderly. The court found that when examining the comments within the context in which they were made, the comments were not improper. Specifically, the court stated that petitioner had committed a senseless act of violence. The court found that the statements were merely argument and were based on the evidence presented that the attack was unprovoked. Finally, the court found that the statement did not prejudice the petitioner. As the findings of the Illinois Appellate Court are not contrary to nor an unreasonable application of clearly established federal law, habeas relief is denied on this claim.

In response to petitioner's claim that the prosecution had improperly suggested that the victim was threatened by petitioner's family, the appellate court stated that the prosecutor's argument was made merely to illustrate the reason why the victim may have changed his testimony. The court further found that the prosecution did not imply that petitioner threatened the victim. The court found that the prosecutors merely inferred that something may have happened between petitioner's family and the victim. The court stated that the jury was left to determine whether the victim succumbed to threats or to the bonds of friendship. The court concluded that there was no prejudice. After a review of the statements, this Court can not find that the findings of the Illinois Appellate Court was contrary to or an unreasonable application of clearly established federal law. The evidence at trial showed that Powell's identification statements were made shortly after the incident, before he met with anyone other than the police

and ASA Gallagher. Powell testified that Carlos Buchanan (petitioner's brother) approached him and asked him to see defendant's attorney. After those events took place, Powell changed his story. It was within the realm of proper argument for the prosecutor to assert that Powell's contact with Carlos Buchanan might have had something to do with Powell changing his story. Accordingly, habeas relief is denied on this claim.

The Illinois Appellate Court found the petitioner's claim that the prosecutors implied that defense counsel hid evidence was without merit. First, petitioner misquoted the statement in his brief. Second, the court said that the statement, "[m]aybe [defense counsel] doesn't want to hear about what happened, because that is what [the victim] told you," meant that counsel would prefer the victim's statements regarding Carlos Buchanan's approach to him not be used against him. The court found that these statements were not improper. The statement was a prelude to the prosecutor's statements described above regarding Powell's change of testimony after speaking with Carlos Buchanan. The prosecutor's arguments were proper. This Court can not find that the appellate court's findings were contrary to or an unreasonable application of clearly established federal law. Accordingly, habeas relief is denied on this claim.

The Illinois Appellate Court found that petitioner's claim the prosecutors told the jury that police reports were not evidence was waived due to defense counsel's failure to object at trial or raise it in a post-trial motion. As the state court clearly relied on this state procedural bar in denying relief, this portion of petitioner's claim is procedurally defaulted. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). Therefore, this portion of petitioner's claim is procedurally defaulted. Procedural default results in a bar to consideration of the claim for purposes of habeas relief. See Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995).

Petitioner also contends that the prosecutor improperly informed the jury that petitioner fled to Milwaukee to avoid police. The appellate court found that it was an undisputed fact that petitioner fled the scene of the crime and was later found in Milwaukee, Wisconsin. Further, the appellate court held that since a prosecutor is afforded wide latitude in closing arguments, he may argue facts and reasonable inferences drawn from the evidence. The appellate court did not act contrary to established federal law. Accordingly, the petitioner is denied habeas relief on this ground.

In petitioner's fourth and final claim for relief, he argues that the trial court abused its discretion in sentencing petitioner to the maximum term of imprisonment when the jury acquitted petitioner of the most serious charges. The severity of a sentence imposed is not grounds for habeas relief where the sentence was within the limits set by state law. See United States ex rel. Sluder v. Brantley, 454 F.2d 1266, 1269 (7th Cir. 1972); see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984). Petitioner was sentenced to the maximum term of imprisonment for the crime for which he was convicted. Accordingly, petitioner's claim is not cognizable.

## Conclusion

For the foregoing reasons, Buchanan's petitioner for habeas corpus relief under 28 U.S.C. § 2254 is DENIED.

Enter:

_____
David H. Coar
United States District Judge

Dated: October 16, 2002